IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:13CR88 |
| Plaintiff, | ) ) ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| JOSE AVALOS, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 207, submitted by Defendant Jose Avalos. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Following a jury trial, Avalos was found guilty of Count I of the Indictment, charging him with possession with intent to distribute methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). On March 16, 2015, he was sentenced to a term of 360 months incarceration and five years of supervised release. He filed a direct appeal, challenging the admission of the government's expert witness testimony at the time of trial; asserting that the verdict was not supported by sufficient evidence; and arguing that his

sentence was substantively unreasonable. On March 24, 2016, the U.S. Court of Appeals for the Eighth Circuit affirmed the conviction and sentence.

In his § 2255 Motion, he raises six grounds for relief, all based on alleged ineffective assistance of his counsel, William Pfeffer. Before addressing Avalos's assertions, and providing additional facts related to each assertion, the Court will summarize the record regarding legal representation provided to Avalos in these proceedings.

On April 30, 2014, Magistrate Judge Thomas D. Thalken appointed the Federal Public Defender to represent Avalos. On May 5, 2014, Avalos's retained counsel, Chinedu Igbokwe, entered his appearance, and the Federal Public Defender withdrew his appearance. On May 9, 2014, Igbokwe moved to withdraw his appearance, and that motion was granted on May 12, 2014, when Pfeffer entered his appearance as retained counsel.[1] A jury trial began on September 30, 2014, and ended in declaration of a mistrial on October 2, 2014. On October 3, 2014, Pfeffer sought appointment under the Criminal Justice Act, and received that appointment. A second jury trial began on November 4, 2014, and ended on November 6, 2014, with a finding of guilt. Pfeffer filed a Notice of Appeal on March 24, 2015, then moved to withdraw on March 27, 2014, noting a break down in his relationship with Avalos. On April 6, 2015, the Court of Appeals appointed Pfeffer to represent Avalos on appeal pursuant to the Criminal Justice Act.

## DISCUSSION

In order to establish ineffective assistance of counsel, a Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

---

[1] Pfeffer was also assisted by attorney Daniel Pfeffer of the same firm, through the close of the first jury trial, which ended in mistrial.

*Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

I. ***Ground One -***

Avalos alleges Pfeffer told him he would not receive a sentence longer than fourteen years if he proceeded to trial and was found guilty. Avalos contends that he would have accepted an offer from the government for a sentence of ten years in exchange for a guilty plea, had he known that he faced a potential sentence longer than fourteen years if found guilty following a jury trial.

Avalos also contends that Pfeffer did not advise him about the concept of constructive possession, and therefore Avalos misunderstood the elements of the offense and the government's burden of proof. He contends that he would have entered a guilty plea if he had understood how the jury would be instructed concerning constructive possession.

The record shows that Avalos was advised of the potential penalties he faced at the time of his arraignment on April 30, 2014. See ECF No. 73, Page ID 238-38. Nonetheless, the Court will require the government to respond to the claims in Ground One.

II. ***Ground Two -***

3

*Part A.*

Avalos asserts that Pfeffer provided ineffective assistance of counsel in the first jury trial in several respects. Specifically, Avalos contends that the Court violated Fed. R. Crim. P. 26.3 by declaring a mistrial in his first jury trial; the Court violated Fed. R. Crim. P. 43(a) by reading answers to jury questions when Avalos was not present in the courtroom during his first jury trial; and the Court committed error by declining the jury's request for certain information in his first jury trial. Avalos contends that Pfeffer should have objected to each such error or course of action.

Rule 26.3 states: "Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." The record demonstrates that the Court followed Rule 26.3 before declaring a mistrial. Rule 43 states in pertinent part: "[T]he defendant must be present at . . . every trial stage, including jury impanelment and the return of the verdict[.]" The record demonstrates that the jury questions were answered by the Court in writing, and the Defendant was not excluded from the courtroom during any stage of trial. Nor did the Court err by declining to supplement the evidentiary record for the jury in the first trial.

The Court concludes that Pfeffer did not perform outside the wide range of reasonable professional assistance at the first jury trial, nor did he make errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. With respect to the prejudice prong, Avalos cannot demonstrate that Pfeffer's performance at the first trial prejudiced his defense, because he received a second jury trial. See *Lambrix v. Singletary*, 72 F.3d 1500, 1508 (11th Cir. 1996) ("Even if [defendant] was denied [a

fundamental right] during his first trial, the appropriate remedy would be to grant a new trial. Therefore, because [defendant] has already received a second trial, this issue is moot.").

Accordingly, the claims in Ground Two, Part A, will be summarily dismissed.

***Part B.***

Avalos contends that his second jury trial constituted double jeopardy in violation of the Sixth Amendment to the United States Constitution, and that Pfeffer rendered ineffective assistance by failing to object to the second trial on that basis.

"If manifest necessity required the declaration of a mistrial, then the defendants may be retried without violating their protection against double jeopardy." *United States v. Dixon,* 913 F.2d 1305, 1310 (8th Cir. 1990). A "mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict" is the "classic basis for a proper mistrial." *Dixon*, 913 F.2d at 1311 (quoting *Arizona v. Washington,* 434 U.S. 497, 509 (1978)). When a defendant's "mistrial resulted from a hung jury, . . . the second trial of [the defendant] did not constitute double jeopardy." *United States v. Pena*, 339 F.3d 715, 720 (8th Cir. 2003).

Avalos's first trial began on September 30, 2014, and was submitted to the jury the next day, October 1, 2014, at 4:32 p.m. The jury continued its deliberations the following day, October 2, 2014, at 9:00 a.m.. Throughout the day, the jury submitted a series of questions in writing to the Court, the content of which led the Court to believe the jury was unable to reach a verdict. After conferring with counsel on the record and in the presence of the Defendant, both counsel agreed that a mistrial should be declared and a new trial held. The Court declared a mistrial at 4:16 p.m.

The Court concludes that the totality of the circumstances, including the short length of the trial, the relatively long duration of the deliberations, and the nature of the questions posed by the jury that demonstrated profound confusion, supported the conclusion that a new trial was in the public interest and the interest of justice. Accordingly, the Court's declaration of a mistrial did not violate the principles of double jeopardy, nor was Pfeffer's consent to the declaration of a mistrial ineffective assistance of counsel. Accordingly, the claims presented in Ground Two, Part B, will be summarily dismissed.

### III.   Ground Three -

Avalos contends that Pfeffer provided ineffective assistance at sentencing when he failed to challenge the career offender enhancement applied to Avalos's sentencing guidelines. Specifically, Avalos contends that his prior conviction for battery under the California Penal Code should not have been deemed a crime of violence following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).[2]

The Supreme Court has determined that the Guidelines, including the career offender enhancement under Guideline §4B1.1(a), based on crimes of violence under the residual clause of §4B1.2(a), are not subject to vagueness challenges under the Due Process Clause. See *Beckles v. United States*, No. 15-8544 (March 6, 2017). Accordingly, even if Avalos were correct in his assertion that his predicate crimes were ones that would fall within the residual clause of the §4B1.2, and even if Avalos were

---

[2] Avalos cites to *Johnson v. United States*, 559 U.S. 133 (2010), but the Court infers that he intended to make reference to *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).

correct that an attorney providing reasonable professional assistance would have raised this issue at the time of sentencing, Avalos cannot demonstrate that he suffered any prejudice due to Pfeffer's failure to do so. Accordingly, the claims in Ground Three will be summarily dismissed.

IV.     *Ground Four -*

      *Part A.*

Avalos contends that Pfeffer provided ineffective assistance on appeal by failing to raise the *Johnson* decision and challenge the career offender Guideline application. This argument fails for the same reasons described in the discussion of Ground Three, above, and this claim will be summarily dismissed.

      *Part B.*

Avalos contends that Pfeffer provided ineffective assistance on appeal by failing to assert that the District Court's declaration of a mistrial was plain error. Avalos also contends that Pfeffer should have withdrawn as counsel on appeal, because his failure to object to the District Court's declaration of a mistrial was ineffective assistance of counsel. These arguments fail for the same reasons discussed in Ground Two, Part A, above, and this claim will be summarily dismissed.

V.     *Ground Five -*

Avalos contends that Pfeffer provided ineffective assistance when he failed to object to the introduction of testimony from the government's expert, Investigator Edith Andersen; the introduction of evidence of certain telephone calls; and the introduction of alleged hearsay testimony. The admissibility of such evidence was addressed by the U.S. Court

of Appeals for the Eighth Circuit in Avalos's direct appeal. This Court also concludes that Pfeffer did not perform outside the wide range of reasonable professional assistance at the second jury trial, nor did he make errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. With respect to the prejudice prong, Avalos cannot demonstrate that Pfeffer's performance at the second trial prejudiced his defense, or that the outcome would have been any different if Pfeffer had made additional objections to the evidence offered by the government. Accordingly, this claim will be summarily dismissed.

### *VI.* *Ground Six -*

Avalos contends that Pfeffer provided ineffective assistance when he failed to ask for a limiting instruction, to ensure the jurors understood the "legal purpose of the phone call testimony." ECF No. 207, Page ID 1197. Avalos's claim is unclear. He asserts that "there was no valid strategic or tactical reason for counsel to move the court to issue a limiting instruction," yet he faults Pfeffer for failing to request a limiting instruction. *Id.* Avalos makes no suggestion as to what limiting instruction should have been requested by Pfeffer or given by the Court.

The Court infers that Avalos is attempting to take issue with the Court's response to a jury question regarding phone call evidence in the first trial. Avalos cannot demonstrate that Pfeffer functioned outside the wide range of reasonable professional assistance at the first trial in relation to the instructions given to the jury or the responses offered to jury questions. Nor can Avalos demonstrate any prejudice with respect to Pfeffer's performance at the first trial. Accordingly, this claim will be summarily dismissed.

### CONCLUSION

For the reasons discussed, the government will be required to file a response to the claims in Ground One of Avalos's § 2255 Motion, and the remaining claims will be summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 207;

2. The Court summarily dismisses the claims presented in Grounds Two, Three, Four, Five, and Six of the Defendant's § 2255 motion;

3. The government will respond to the claims in Ground One of the § 2255 Motion with a supporting brief, and any affidavits, on or before April 3, 2017;

4. The Defendant will file any responsive brief and affidavits on or before April 17, 2017; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 8th day of March, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge