IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:13CR88** |
| v. | |
| JOSE AVALOS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Jose Avalos's ("Avalos") *pro se* "Motion Requesting Compassionate Release, due to, Family Circumstance Under [18 U.S.C.] § 3582(c)(1)(A)" (Filing No. 269). Avalos seeks release because "the mother of his minor children is legally incapacitated from caring for his children by the Child Protective Services in the County of San Bernadino in the State of California." He claims that his children (ages 15 and 12) have been removed from the care of their mother and their stepfather due to allegations of sexual misconduct and acts of violence. Avalos claims that no other family member is able to properly care for his children. However, Avalos states that his children currently reside with and are being cared for by their grandmother, who is also apparently caring for other children.[1]

## I.    BACKGROUND

A jury found Avalos guilty of possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C.  § 841(a)(1) and (b)(1). Following trial,

---

[1]Avalos claims *he* reported the children's grandmother to the appropriate Human Services Agency in California saying that the grandmother does not have a driver's license or vehicle thereby putting the children in her care, including his own children, in jeopardy. It appears from the documents presented by Avalos that the State of California has placed Avalos's children with their grandmother. Avalos presents no evidence that any adverse action has been taken against the children's grandmother as a result of his report.

Avalos was sentenced to 360 months imprisonment.[2]  He appealed his conviction and sentence on a number of grounds, and the judgment of the district court (the late Honorable Laurie Smith Camp) was affirmed.  Since that time Avalos has raised a number of post-trial issues he details in his submission.  All of those matters were previously dealt with by the court and have no bearing on the current motion.

## II.    DISCUSSION

Avalos seeks sentencing relief under 18 U.S.C. § 3582(c)(1)(A)(i).  This relief is often referred to as "compassionate release."  *See*, *e.g. United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1125 (8th Cir. 2026).  United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(a)(1) provides that a defendant may petition the Court to reduce or eliminate a term of imprisonment, "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—extraordinary and compelling reasons warrant the reduction."

Section 1B1.13(b) explains the circumstances that may constitute "extraordinary and compelling reasons."   In this case, under § 3582(c)(1)(A)(i), Avalos points to § 1B1.13(b)(3), which indicates such circumstances may exist based upon the "incapacitation of the caregiver of the defendant's minor child."  Here, Avalos has pointed to the removal of his minor children from the care of their mother and stepfather.[3]  As noted above, Avalos himself says that the children's grandmother is caring for the children.

---

[2]In this current request, Avalos refers to the fact that his co-defendant, his brother Juan, was sentenced to a term of only 168 months.  Avalos presumably points to that differential in sentence as an additional reason for considering compassionate release.  Avalos ignores that fact that his criminal history made him as a career offender and he did not accept responsibility for his criminal conduct.

[3]Avalos has included the petitions and some of the paperwork with the Superior Court of California, County of San Bernadino.  It does not appear that those documents provide information relating to any final adjudication or current status of that admittedly troubling parent-child relationship before the placement of the children with their grandmother.

Although Avalos has doubts about her ability to handle seven children, especially without a vehicle, the fact remains that the children are currently under the care of a family member, at the direction of California authorities. Moreover, it is not clear what, if any, prior or current relationship Avalos had with the children given their age and given his dates of incarceration. Finally he does not provide any information on a proposed release plan as it relates to his situation or the children's living situation were he to be released.

Even if Avalos's parental concerns did elevate to "extraordinary and compelling reasons," the Court has taken into account the 18 U.S.C. § 3553(a) factors which strongly mitigate against release. Viewing the nature and circumstances of Avalos's offense, his troubling and sometimes violent criminal history, the length of his sentence, the amount of time he has spent in prison, and all of the other § 3553(a) factors, the Court finds that Avalos should not receive a reduction in his prison sentence under § 3582(c)(1)(A). Avalos's motion is therefore denied.

IT IS SO ORDERED.

Dated this 20th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3