IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:13CR88** |
| v. | | |
| JOSE AVALOS, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on defendant Jose Avalos's ("Avalos") *pro se* "Motion to Reconsider" (Filing No. 272).  In his motion, Avalos asks the Court to revisit its Memorandum and Order of April 20, 2026 (Filing No. 271), denying Avalos's motion for relief under 18 U.S.C. § 3582(c)(10(A), also known as compassionate release.  *See* United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13.[1]

In his current motion, Avalos raises a number of points, most of which were part of his April 6, 2026, motion seeking compassionate release (Filing No. 269).  Avalos again primarily relies upon his position that his two teenage children are not being properly cared for in his absence.

He has also raised the issue of whether, if sentenced today, he would be considered a career offender.  When sentenced, Avalos was considered a career offender.  Whether Avalos would be today is another issue, but one which does not form the basis of relief in and of itself.  U.S.S.G. § 1B1.13(c) only allows "changes in law" to be considered for purposes of determining the extent of any reduction, but only after extraordinary and compelling reasons have been established under § 1B1.13(b).  As noted before, Avalos has not sufficiently established such underlying circumstances, when reviewed in light of his charge of conviction, his criminal history, his projected release date (January 1, 2043), and

---

[1]Avalos has also filed a Notice of Appeal from this order (Filing No. 273).

a review of all of the pertinent 18 U.S.C. § 3553(a) factors, despite his views to the contrary.

Avalos faults the Court for not reading the motion in its entirety and claims that his arguments were ignored. That is not accurate. The Court has reviewed and considered all of Avalos's submissions and arguments.[2] While it is admirable that Avalos wants to protect and raise his children, having reviewed the Sentencing Guidelines and policy statements, and all of the applicable § 3553(a) factors, the Court finds that Avalos is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A).

The Court sees no compelling reason to change its Memorandum and Order of April 20, 2026. Avalos's motion is denied.

IT IS SO ORDERED.

Dated this 8th day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[2]Avalos also insists that he has presented a reasonable release plan, which the Court has ignored. A release plan would only be relevant once the Court has determined that extraordinary and compelling reasons exist for Avalos's release. As noted above, they do not. In any event, Avalos claims that his brother will employ him, but there is nothing in his submission that shows where and under what circumstances he would live—he simply says he "has enough support to get an apartment for himself and his children."